Tanner Mfg. Co. v. Commissioner.
Tanner Mfg. Co. v. Commissioner
Docket No. 110068.
United States Tax Court
1943 Tax Ct. Memo LEXIS 247; 2 T.C.M. (CCH) 305; T.C.M. (RIA) 43299; June 19, 1943
*247 Held, petitioner corporation did not realize taxable income from the cancellation by a stockholder of a debt due from the petitioner to the deceased husband of the stockholder, as to which debt petitioner had received tax benefit of salary deductions in prior years. Helvering v. American Dental Co., 318 U.S. 322, 63 S. Ct. 577. Enoch C. Filer, Esq., Ariel Bldg., Erie, Pa., for the petitioner. W. J. McFarland, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $580.06 and $307.06 in the income and excess-profits taxes, respectively, of the petitioner for the year 1938. The sole issue is whether or not the petitioner realized taxable income from the cancellation by a stockholder of a debt of $5,231.74 due from the petitioner to the deceased husband of the stockholder and acquired by her under his will. Findings of Fact Certain facts are stipulated and as so stipulated are adopted as findings of fact. The material portions thereof are substantially as follows: The petitioner is a corporation organized in 1925 and existing under the laws of the Commonwealth of *248 Pennsylvania, with its principal office and place of business located in Erie, Pennsylvania. It filed its income and excess-profits tax return for the year 1938 with the collector of internal revenue for the 23rd district of Pennsylvania. Petitioner kept its books and filed its income tax return for the year 1938 in accordance with the accrual method of accounting. Charles L. Bauer was one of the founders of the petitioner and was its treasurer at the date of his death on May 12, 1928. He died testate. By the terms of his will his son, Theodore L. Bauer, was given $100.00 and the residuary estate was devised to his wife, Alda Anna Bauer. At the date of death of Charles L. Bauer there was due and owing the said Charles L. Bauer as unpaid portions of salary from the petitioner the amount of $5,231.74. The net income of the petitioner from 1934 to 1938, inclusive, was as follows: Loss
Gain
1934
$242.49
1935
210.93
1936
$406.69
1937
254.16
1938
111.36
The stock of the petitioner was originally issued as follows: Charles L. Bauer
49 shares
Alda Anna Bauer
1 share *
Milton Rowley
49 shares
Margaret M. Rowley
1 share
On September 28, 1938 Milton Rowley *249 and Margaret M. Rowley transferred 50 shares to Theodore L. Bauer, and on the same day Alda A. Bauer acquired 49 shares formerly owned by Charles L. Bauer. On December 30, 1938 the petitioner issued 3 shares to Alda A. Bauer and 4 shares to Theodore L. Bauer. On December 30, 1939 it issued 10 shares to Alda A. Bauer and 9 shares to Theodore L. Bauer. On or about September 27, 1938 Theodore L. Bauer, Alda A. Bauer and the petitioner applied for a loan from the First National Bank of Erie, Pennsylvania, in the amount of $1,500. The statements of the financial condition of the petitioner submitted to the bank showed a net profit of $428.11 for the period from January 1, 1938 to June 30, 1938 and a balance sheet deficit of $15,391.56 at the latter date. The bank made the requested loan on September 27, 1938. The loan was repaid in installments extending from a payment of $500.00 on November 30, 1938 to a payment of $300.00 on January 29, 1940. At a meeting of the petitioner's directors held on December 1, 1938 the following statement was recorded: In view of the shortage of finances at the time and present financial status of the company, A. A. Bauer elected to forgive the accrued *250 salary due her deceased husband, Chas. L. Bauer, General Manager, for the years 1934 to 1937, inclusive, in the amount of $5,231.74; also to forgive a personal note for $4,200.00. At a meeting of such directors held on December 20, 1938 the following action was taken: Theo. L. Bauer elected to take stock in lieu of cash for the balance of salary due for the year 1938. It was decided to give A. A. Bauer three shares of stock in appreciation of her cancellation of the debt owed her by the company. The corporation was therefore authorized to issue three shares of stock to A. A. Bauer and four shares of stock to Theo. L. Bauer. At a meeting of such directors held on December 30, 1939 the following action was taken: Theo. L. Bauer elected to take stock in lieu of cash for 1939 salary. It was decided to give A. A. Bauer nine shares of stock in appreciation of her cancellation of the debt owed her by the company. The officers of the corporation were therefore authorized to issue ten shares of stock to Theo. L. Bauer and nine shares of stock to A. A. Bauer. The record discloses the following additional facts: At the time the salary of Charles L. Bauer was fixed by the petitioner's stockholders *251 it was intended that such salary should be paid. At the time of Charles L. Bauer's death the petitioner owed Alda A. Bauer $4,200, for which it had given its note. After his death controversies arose among the stockholders, finally culminating in Rowley's offer to sell his stock to Theodore L. Bauer for $2,500. In the latter part of September 1938, Theodore L. Bauer and Alda A. Bauer, his mother, and petitioner applied to the First National Bank of Erie for a loan of $1,500 to be used in part payment of the Rowley stock. The bank refused the loan unless it was assured that the obligation for accrued salary due to the estate of Charles L. Bauer and the $4,200 note due to Mrs. Bauer would be eliminated from the petitioner's books. The assurance was given and the loan was made. The 50 shares of the petitioner's stock were purchased from Rowley and his wife and reissued to Theodore L. Bauer. Thereafter, in 1938, Theodore L. Bauer advanced to the petitioner $2,530.56 from his own personal funds. Alda A. Bauer wrote a letter to the petitioner forgiving the amounts due to her as a residuary legatee under the will of Charles L. Bauer, whose salary was accrued on the petitioner's books, *252 and also the amount of her note of the face value of $4,200. Upon the submission by the petitioner of its operating statement for the year 1938 showing the elimination of such obligations, the bank made to the petitioner additional loans during January, 1939. The forgiveness of the debts due to Alda A. Bauer arising from her husband's salary account accrued on the petitioner's books and her own note for $4,200 were gratuitous and without consideration. The commissioner determined that the cancellation in 1938 of the sum of $5,231.74 representing the accrued salary of Charles L. Bauer resulted in a taxable gain to the petitioner. Opinion VAN FOSSAN, Judge: The issue raised in the case at bar has been decided in . That case involved a creditor's cancellation of rent and interest owned by the taxpayer corporation, accrued on its books and deducted in prior years. The Supreme Court held that the cancellation constituted gifts of the items so "forgiven" and did not result in income realized by the corporation. The court there said: The fact that the motives leading to the cancellations *253 were those of business or even selfish, if it be true, is not significant. The forgiveness was gratuitous, a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute. Here we find that obviously the motive prompting the cancellations was to induce the bank to make the loans which the business, owned by Theodore L. Bauer and his mother, so sorely needed. It was first necessary to eliminate Rowley from the situation and to obtain his stock. Then additional loans, to be used as working capital, were needed by the petitioner. Thus the forgiveness was based on purely business reasons, but, as held in the American Dental Co. case, that factor does not transform a gift into taxable income. We note also that in that case the petitioner had previously obtained tax advantages from the accrual of the items in prior years, yet in spite of that fact their cancellation was deemed to be a gift. . The respondent argues that the forgiveness of the debts due from the petitioner to Mrs. Bauer was in consideration of the petitioner's issuance of stock to her. We find in the *254 record no support of the respondent's position. The first transaction involving the cancellation of the debts was discussed in September, 1938. The bank refused to lend any money either to the Bauers or to the company until it was assured that their charges against the company would be eliminated from the petitioner's books and hence from its financial statement. That condition precedent was fulfilled and the loan was made on September 27, 1938. Later in the year the forgiveness was made a matter of record on the petitioner's books although Mrs. Bauer's letter of forgiveness was written some time previously. It was not until December 30, 1938 that the petitioner noted its "appreciation" by way of issuing stock to her. In view of the amount of the forgiveness, the number of shares issued and the financial condition of the petitioner - its statement showed a deficit of over $15,000 on June 30, 1938 - it would require a far-stretched imagination to lead to the conclusion that the stock was the "consideration" for the cancellation. We see further that on December 30, 1939 the petitioner gave to Mrs. Bauer 9 shares of stock, with the same notation of "appreciation" on its records. When *255 both of these token issues were given to Mrs. Bauer, Theodore L. Bauer also received stock in lieu of his unpaid salary. It is obvious that the gesture of gratitude on the part of the petitioner was suggested and prompted by the settlement of his salary claims and bore no relation to the original cancellation made by Mrs. Bauer. Decision will be entered under Rule 50.